## SOUTHERN RAILWAY COMPANY *v.* FORREST.

1. The petition set forth an action ex contractu.

2. Under the pleadings and the evidence, there was no error in the charges complained of, and referred to in the second division of the opinion, requiring a new trial.

3. Where the owner of live stock and a common carrier entered into a contract of carriage containing the provision that "As a condition precedent to any right to recover any damage for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock wherever such delivery shall be made, and such notice shall be given before such live stock is removed or is intermingled with other live stock," and upon the trial of a suit for a breach of such contract for the value of some of the live stock that were killed, the proof shows that such stock were killed and were never actually delivered to the consignee, or removed by him or intermingled with other stock, it was not error to fail to charge the above-quoted provision of the contract, notwithstanding the plaintiff also claimed damages for injuries to other stock included in the contract of shipment which were delivered to himself as consignee, the court having instructed the jury that there could be no recovery as to the latter.

4. The charge of the court in reference to the right of the plaintiff to recover the value of the dead bodies of the cattle killed was not, in view of the entire charge, error requiring a new trial.

5. The evidence was sufficient to support the verdict, and the court did not abuse its discretion in refusing a new trial.

Argued February 8,—Decided June 28, 1909.

Action for damages. Before Judge Reagan. Upson superior court. January 11, 1908.

*Charlton E. Battle, Howell Hollis,* and *Tisinger & Davis,* for plaintiff in error. *J. Y. Allen* and *W. Y. Allen,* contra.

HOLDEN, J. 1. Defendant in error sued out an attachment against the plaintiff in error, and had the same levied upon property of the latter, and in due time filed his declaration, claiming that the defendant company had damaged him by reason of the destruction of 11 head of cattle and injury to others. Upon the trial of the case a verdict was rendered in favor of the plaintiff, and to the order overruling the defendant's motion for a new trial exceptions were filed. The bill of exceptions recites that after the amendment was allowed, the demurrers were renewed and the court overruled them. No order overruling the demurrers appears in the record, but there is a statement by the clerk that there was no such order of record. If the demurrers were overruled, no assignment of error thereon can be entertained, for the reason that it does not appear that any exceptions pendente lite were filed, and the bill of exceptions was not·tendered within such time as error therein could be assigned on the overruling of the demurrers. The plaintiff offered an amendment to his petition, and to the order of the court allowing such amendment over its objections the defendant filed exceptions pendente lite, complaining that the ruling was error for the reason that the original petition was a suit for damages on account of a tort, and the amendment sought to change it into a suit ex contractu.

We do not think the court committed any error in allowing the amendment. The original petition alleged that the plaintiff delivered to the defendant at Howell, Ga., 36 head of cattle, to be transported by it and its connecting carriers to Thomaston, Ga., under a bill of lading issued by the defendant to the plaintiff, a copy of which was attached to the petition as a part thereof. The meaning of the allegations of the petition is that 11 head of the cattle were killed and were never delivered under this contract, but that the remaining 25 head of cattle were delivered to the plaintiff, though in an injured condition, two of them afterwards dying from injuries sustained at the hands of the defendant. The petition alleges that the 11 head of cattle were killed and the others injured without any fault on the part of the plain-

tiff, but solely by reason of the negligence of the defendant; but we do not think this allegation was such as to make the action one ex delicto. It was proper for the plaintiff, in a suit ex contractu, to set forth the contract under which the shipment was made; and as this contract provided that certain things should be done by the plaintiff, it was proper that he should allege that the damage occurred without any fault on his part, but by reason of the fault of the carrier. Construing all of the allegations of the petition together, we think the action set forth was one ex contractu. If it was ambiguous or doubtful as to whether it was an action ex delicto or ex contractu, the plaintiff had a right to destroy this uncertainty by an amendment making plain the fact that he was suing ex contractu. The amendment filed by the plaintiff showed plainly that he was suing ex contractu.

2. Complaint is made that the court committed error in charging the jury that if the cattle were killed by the negligence of the defendant in handling the car, and the plaintiff did not fail to perform his part of the contract, or if he did fail and his failure did not contribute in any way to the destruction of the cattle, then the plaintiff would have a right to recover; and in similar charges. These charges are assigned as error, because, as the plaintiff contends, they were appropriate to be given upon the trial of an action ex delicto, and not upon one ex contractu. The contract provided that the defendant should not be liable because of any loss of or damage to the stock while being transported, except such liability as might accrue by reason of the negligence of the defendant, and that the plaintiff should perform specified acts, the purpose of which was to prevent injury to and loss of the cattle. In view of this and other provisions of the contract, the defendant, upon the trial of an action ex contractu for the loss of some of the stock, can not complain of the charges referred to, the effect of which was to state that the plaintiff could recover if such loss occurred by reason of the negligence of the defendant and without any failure on the part of the plaintiff to comply with such contract, or other fault on his part.

3. Another assignment of error in the amendment to the motion for a new trial is as follows: "The suit of the plaintiff being founded upon a special contract of shipment, signed by both plaintiff and defendant, and one of the conditions of said contract

being as follows, to wit:    'That, as a condition precedent to any right to recover any damage for loss or injury to said live stock, notice in writing of the claim therefor shall be given to the agent of the carrier actually delivering said live stock wherever such delivery shall be made, and such notice shall be given before such live stock is removed or is intermingled with other live stock,' and the above condition being relied upon by the defendant as one of its defenses to said cause, the court erred in failing to give the same in charge to the jury, and in not instructing the jury that the plaintiff could not recover unless such written notice was given for the stock lost or destroyed."    The court in its charge to the jury instructed them that there could be no recovery for any injury to the stock delivered to the plaintiff, and confined the right of recovery to the value of the 11 head of stock killed in the car.    The plaintiff did not give the agent notice of any injury to or loss of any of the stock before receiving and removing those which were delivered to him.    The recovery in this case was not for any loss of or injury to the cattle transported and delivered to the plaintiff.    The other cattle, for the death of which the court charged there might be a recovery, were never removed by the plaintiff, or intermingled with other stock, their dead bodies having been taken from the car and sold by the defendant before the balance of the shipment was carried to destination; and the court did right in refusing to charge the jury in regard to the provision of the contract above quoted.

4.    Another assignment of error is that the court erred in charging the jury as follows:    "If the railroad company had notice of the fact, and took charge of the dead bodies—the carcasses—of the cows, and they were of any value, the plaintiff would be entitled to recover the value of the dead bodies, no matter whether you find they are liable for the full value of the cows or not."    The defendant contends that this charge is error, "because the testimony upon the behalf of the defendant was to the effect that the dead carcasses were tendered to the plaintiff and refused by him before filing the suit, which fact the plaintiff denied, and the tender therefore became an issue for determination by the jury; and being an issue of fact, the court erred in charging the jury that the plaintiff was entitled in any event for the recovery of such dead bodies if they had any value."    The

only charge of the court upon this subject, as appears from the approved charge specified in the bill of exceptions and sent up as a part of the record, is as follows: "If you believe from the evidence in the case that this was the truth of it: that the cattle did destroy themselves by reason of getting together, occasioned by the fault of the plaintiff in not accompanying the car, or in not properly loading them, or in not erecting a proper partition between the two classes of cattle, and the railroad company had notice of the fact, and took charge of the dead bodies—the carcasses of the cows, and they were of any value, the plaintiff would be entitled to recover the value of the dead bodies, no matter whether you find they are not liable for the full value of the cows." The court charged the jury that the plaintiff could not recover for the loss of, or any injury to, any of the 25 head of cattle actually transported and delivered, and that, if he could recover at all, his recovery would be confined to the damages sustained by reason of the loss of the 11 head which were killed before being transported to their destination. The charge plainly stated that if the 11 head of cattle killed were destroyed by reason of the negligence of the defendant and without any failure on the part of the plaintiff to comply with the contract, or other fault of the plaintiff, the plaintiff would be entitled to recover the value of these cattle as live stock at the time of their destruction. The jury was further charged that if the death of these cattle was caused in any of the ways set forth in the charge above quoted, the plaintiff could not recover their value as live stock at the time of their destruction. The meaning of the charge above quoted, when viewed in the light of the entire charge, was that if the death of the 11 head of cattle was caused as therein stated, the plaintiff could not recover their value as live stock at the time of their death, but could recover the value of their dead bodies, even though the plaintiff was not entitled to recover their value as live stock at the time of their death. There is some difference between the charge assigned as error and that appearing in the approved charge of the court; but no matter whether the charge given was that appearing in the assignment of error or that appearing in the approved charge, we do not think this portion of the charge, in view of the entire charge, misled the jury into the belief that if the plaintiff was entitled to recover the value of the 11

head of stock as live stock at the time of their death, he would be entitled to recover, in addition thereto, the value of their dead bodies. The evidence shows that the dead bodies of the cattle were taken and sold by the defendant, and the purchase-money received therefor was never paid or tendered to the plaintiff. It does not appear for what amount they were sold by the defendant. Whether or not the charge, which we construe to mean that if the plaintiff was not entitled to recover the value of the 11 head of cattle as live stock at the time of their death, he would, as stated in the charge, be entitled to recover the value of their dead bodies, was error in view of the evidence upon the trial, need not be considered; because it was not of any harmful effect to the defendant, for the reason that the jury did not find the value of the dead bodies, but found the value of them as live stock. The verdict was for $275, and the only evidence as to the value of the 11 head of cattle killed was that they were worth as live stock this amount. The highest proved value of the dead bodies of the 11 head killed was $59.40. Under the charge the jury had no right to find for the plaintiff the value of the cattle as live stock and also the value of their dead bodies, and under the evidence the finding of the jury was manifestly not for the value of the dead bodies.

5. The evidence was sufficient to support the verdict, and the court did not abuse its discretion in refusing a new trial.

*Judgment affirmed. All the Justices concur.*